IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

                Plaintiff,

   v.

MERITER HOSPITAL, INC., BRIAN A. SCHRADER,
KATHLEEN SUZANNE KEMNITZ, and ANTHONY
MORENO,

                Defendants.

ORDER

25-cv-1026-jdp

---

In response to a screening order, Dkt. 4, plaintiff Jeffrey M. Davis, Jr. filed an amended complaint alleging that defendants, mostly hospital staff and mental health crisis workers, failed to respond appropriately to his psychiatric crisis. Dkt. 8. In a second screening order, Dkt. 9, I allowed Davis to proceed on: (1) a federal-law claim based on the conscious disregard of his mental health and safety against defendant Anthony Moreno; (2) a claim for damages under the Emergency Medical Treatment and Active Labor Act against defendant Meriter Hospital; and (3) state-law negligence claims for damages against Meriter and defendants Brian A. Schrader and Kathleen Suzanne Kemnitz. Davis is proceeding without counsel, and he was not in custody when be brought the amended complaint.

Davis sought reconsideration of the second screening order or, alternatively, leave to file a second amended complaint. Dkt. 11. The court granted Davis's alternative request to file a second amended complaint, and it ordered him to complete that task by June 16, 2026. Dkt. 12. Davis says that, after the court allowed him to file a second amended complaint, he was arrested and taken to Dane County Jail. Davis also says that he had psychiatric episodes

at the jail, including acts of self-harm, and that he was consequently taken to Winnebago Mental Health Institute, where he is currently located.

Davis has filed a series of motions that are now before the court. First, Davis has moved for: (1) an extension of time to file a second amended complaint; (2) court assistance in recruiting counsel; and (3) emergency injunctive relief. Dkt. 13. Later, Davis filed a second set of motions seeking: (1) court assistance in recruiting counsel; and (2) a stay to ensure that he can litigate this case despite the obstacles that he currently faces. Dkt. 15.

## A. Request for an extension of time

Davis says that he is missing his legal papers, which he needs to file a second amended complaint. Davis also says that his housing changes and psychiatric problems have made it difficult for him to complete that task. I will grant Davis's request to extend the time to submit an amended complaint and give him an additional 30 days to complete that task. I will also direct the clerk of court to send Davis copies of the court's screening order and order allowing him to file a second amended complaint, which contain instructions on how amend a pleading. As an alternative to amending his complaint, Davis may file a short notice opting to proceed on the claims on which the court has already allowed him to proceed.

## B. Requests for court assistance in recruiting counsel

Davis contends that appointment of counsel is warranted, primarily because of his psychiatric problems, medication changes, and lack of legal papers and law library access.

A party requesting court assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt*

2

*v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). Davis has met the first requirement because he is proceeding without prepaying the filing fee.

On the second requirement, this court generally requires a plaintiff to submit copies of letters from at least three attorneys showing that he has written to them and that they have refused to take his case. Davis says that he has written several attorneys without success, but he hasn't substantiated this statement with copies of letters from attorneys or other probative evidence. Davis has not met the second requirement.

But even had Davis met the second requirement, he hasn't shown that this case involves issues that are too complex for him to handle without counsel. At this early stage, this case does not appear to present unusually complex issues. Davis faces only one task at the moment: submitting a second amended complaint. Davis will receive copies of the court's screening order, its order authorizing a second amended complaint, and the court's non-prisoner complaint form, which provide instructions on how to amend a pleading. Davis says that he has serious psychiatric problems, but litigants with similar problems manage to complete litigate tasks of comparable difficulty every day in federal courts. Davis also says that he is missing his legal papers, but the court will send him copies of documents that will facilitate his ability to draft a pleading. Besides, the lack of legal papers and law library access are common circumstances, not extraordinary circumstances that would warrant court assistance in recruiting counsel.

I will deny Davis's request for court assistance in recruiting counsel without prejudice. This means that Davis can renew this motion if his circumstances change so that appointment of counsel is warranted.

## C. Request for a stay

I will deny Davis's request for a stay as unnecessary. I have given Davis additional time to submit a second amended complaint, and I will send him copies of documents to help him complete that task. The other circumstances that Davis describes don't warrant a stay.

## D. Request for emergency injunctive relief

Davis's request for emergency injunctive relief is not clearly articulated. The idea appears to be that he was receiving inadequate mental health treatment at the jail, which was putting him in jeopardy of further acts of self-harm. But Davis is no longer housed at the jail, so this request is moot. *See Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996). Davis expresses concern that he'll face the same conditions if he returns to the jail, but he hasn't alleged any facts plausibly suggesting that this outcome is likely. Davis says that his probation is in the process of being revoked but, if that ultimately happens, it's more plausible he'll enter Department of Corrections custody.

I would deny the request for emergency injunctive relief even if it were not moot. The motion raises new claims against individuals who are not parties to this case based on new events, so it lacks the necessary relationship with the claims in the amended complaint. *See Annamalai v. Malcolm,* No. 25-cv-364-jdp, 2025 WL 2322416, at *7 (W.D. Wis. Aug. 12, 2025).

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey M. Davis, Jr.'s omnibus motion, Dkt. 13, is GRANTED in part and DENIED in part as provided in this order.

2. Plaintiff may have until August 20, 2026, to submit a second amended complaint. The court's order allowing plaintiff to file a second amended complaint, Dkt. 12, is otherwise unchanged.

3. Plaintiff is to be sent copies of Dkt. 9, Dkt. 12, and the court's non-prisoner complaint form.

4. Plaintiff's expedited motion for stay and court assistance in recruiting counsel, Dkt. 15, is DENIED in part and otherwise DENIED without prejudice to plaintiff's ability to file an appropriate motion for court assistance in recruiting counsel in the future.

Entered July 21, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge