IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

                          Plaintiff,                                    OPINION and ORDER

          v.
                                                                        25-cv-1026-jdp

MERITER HOSPITAL, INC., *et al.*,

                          Defendants.

---

Plaintiff moves the court for two forms of relief. First, plaintiff asks the court to appoint a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2). Second, plaintiff seeks another extension of time to amend the complaint. Dkt. 24. As explained below, this motion is DENIED in part without prejudice and otherwise DENIED.

Regarding the first request, plaintiff contends that appointment of a guardian ad litem is warranted because he has several mental health conditions and a long history of self-harm and placement in mental health treatment facilities. Despite these obstacles, the record demonstrates that plaintiff can understand court orders, draft legal filings, and express his thoughts coherently. Those observations don't support appointing a guardian ad litem. *See Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2019 WL 3802874, at *1 (W.D. Wis. Aug. 13, 2019).

Also, the general rule is that "representative parties such as [guardian ad litems] may not conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney." *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). The court recently denied plaintiff's motion for court assistance in recruiting counsel, and he has not shown a material change in circumstances that would warrant that relief. Accordingly, the court will deny plaintiff's request for appointment of a guardian ad litem without prejudice. This means that

plaintiff can renew his request in the future, but only upon a material change in circumstances that would warrant that relief.

That leaves the time-extension request. The court has already extended the original deadline to amend the complaint by over two months, from June 16 to August 20, 2026. *See* Dkt. 12 and Dkt. 21. Despite this generous extension, plaintiff says that he needs more time to amend the complaint because of his mental health problems and conditions of incarceration. But plaintiff has already demonstrated that he can draft a viable pleading; the court allowed him to proceed on three claims against several defendants. Dkt. 9 at 15-16. And plaintiff has continued to file motions, which shows that his conditions of confinement aren't stopping him from preparing legal filings. Accordingly, the court will deny plainiff's request for another extension of time to amend the complaint. If plaintiff does not submit an amended complaint by August 20, 2026, the case will proceed on the claims on which the court allowed him to proceed in its screening order. *See* Dkt. 12.

*So ordered.*

Entered August 4, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

2