IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY M. DAVIS, JR.,

Plaintiff,

v.

MERITER HOSPITAL, INC., BRIAN A. SCHRADER, KATHLEEN SUZANNE KEMNITZ, and ANTHONY MORENO,

Defendants.

ORDER

25-cv-1026-jdp

Before the court are plaintiff Jeffery M. Davis, Jr.'s: (1) proposed second amended complaint; (2) motion to accept that pleading and for extra time to serve it on defendants; and (3) motion for leave to supplement or amend that pleading. Dkts. 34–36. For the reasons explained below, I will deny the motion to accept the proposed amended complaint and deny as moot the other two motions.

BACKGROUND

The court ordered Davis to amend the complaint using its prisoner complaint form, and it limited him to a maximum of five supplemental pages. Dkt. 4. Davis amended the complaint, and I allowed him to proceed on some of his claims. Dkt. 9. Davis moved for reconsideration, basically contending that he would have been allowed to proceed on his other claims had the court not imposed page limits. Dkt. 11. The court denied the motion, but it granted Davis's alternative request to submit a second amended complaint, and it raised the limit on supplemental pages to eight. Dkt. 12.

After the court extended the deadline to amend by over two months, Davis submitted his proposed second amended complaint. Dkt. 34. Davis filed this pleading on the form, but he included 18 supplemental pages. *See id.*; Dkt. 34-2.

About a week later, Davis filed the motion to accept the proposed second amended complaint and for extra time to serve it on defendants. Dkt. 35. Davis asks the court to accept the proposed second amended complaint even though it doesn't comply with the eight-page limit on supplemental pages. Davis explains that that eight-page limit is overly restrictive because he: (1) has a long medical history and therefore needs more space to allege his claims; and (2) is proceeding without counsel and has mental health and attention problems. Davis also asks the court to extend the time to serve the proposed second amended complaint on defendants, stating that he has worked with prison staff but that funds won't be available for about two weeks.

Davis also seeks leave to supplement or amend the proposed second amended complaint. Dkt. 36. Davis says that, due to the "bad advice" of another prisoner, he mistakenly brought certain claims under the Eighth Amendment. *See id.* at 1.

## ANALYSIS

### A. Request to accept the proposed second amended complaint

Davis asks me to accept the proposed second amended complaint even though he didn't comply with the court's instruction to submit a maximum of eight supplemental pages. The basic issue is whether Davis needs more than eight supplemental pages to state other plausible claims for relief. To state a claim for relief, a pleading need only contain "a short and plain statement of the claim show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Davis

says that he needs more space because he has a lengthy medical history. But Davis's proposed claims relate primarily to a three-day period in November 2025. Davis also says that he needs more space because of mental health and attention problems, but prisoners with similar problems routinely manage to allege plausible federal claims with even less generous limits on supplemental pages. Davis suggests that he cannot state a plausible claim unless I allow him to submit 18 supplemental pages, but this suggestion is contradicted by the record. I already allowed Davis to proceed on some of his claims even though he submitted five supplemental pages with the amended complaint. Davis has not shown that the eight-page limit on supplemental pages has stopped him from pleading additional plausible claims or is otherwise unreasonable. I will deny his request to accept the proposed amended complaint. This case will proceed on only the claims on which Davis is currently proceeding.

**B. Request to extend the time to serve the proposed second amended complaint**

Davis asks me to extend the time to serve the proposed second amended complaint on defendants, stating that he has worked with prison staff but that funds won't be available for about two weeks. Davis suggests that he has sought a legal loan to cover the costs of service and is waiting for it to be approved. As the court has explained, Federal Rule of Civil Procedure 5(a)(1) requires a litigant to serve copies of most of his filings on the opposing party. Dkt. 27. But I am denying the proposed second amended complaint, so I will excuse Davis from this requirement this one time only. Consequently, I will deny as moot Davis's request to extend the time to serve the proposed second amended complaint on defendants.

**C. Motion for leave to supplement or amend**

Because I am denying the proposed second amended complaint, I will also deny this motion as moot.

## MISCELLANEOUS MATTERS

I turn to some miscellaneous matters and provide Davis with some information about how the case will proceed. If Davis still wishes to dismiss defendant Anthony Moreno, Dkt. 31, he can file a short motion for voluntary dismissal. Davis also sought to dismiss Dane County, but I did not allow him to proceed against this entity. Davis is reminded that he is proceeding against these defendants only: Moreno, Meriter Hospital, Brian Schrader, and Kathleen Suzanne Kemnitz. *See* Dkt. 9. Moreno has answered, Dkt. 22, but the U.S. Marshal has yet to file returns of service for Meriter, Schrader, and Kemnitz. When service is complete and all defendants have answered, the case will be scheduled for a telephonic preliminary pretrial conference, at which Davis will receive instructions about how to proceed in this case. There is nothing for him to do until then.

## ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey M. Davis, Jr.'s motion to accept the proposed second amended complaint and for extra time to serve it on defendants, Dkt. 35, is DENIED in part as moot and otherwise DENIED.

2. Plaintiff's motion for leave to supplement or amend, Dkt. 36, is DENIED as moot.

3. This case will proceed on only the claims on which Davis has already been allowed to proceed.

Entered August 28, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge